IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH CAMPBELL, | ) |
| Plaintiff, | ) ) ) |
| | ) 2:18-cv-00292 |
| v. | ) ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff Sarah Campbell filed suit against State Farm Fire and Casualty Co. ("State Farm") for Breach of Contract (Count I) for failure to pay for fire damage to Plaintiff's home and for Bad Faith (Count II) for denying the claim for coverage without a legal basis to do so. (Am. Compl., ECF No. 11.) Now before the Court is State Farm's Motion to Dismiss (ECF No. 12). For the reasons that follow, State Farm's Motion is granted.

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). Plaintiff's factual allegations must "raise a right to relief above the speculative level" and state a "plausible claim for relief" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true any unsupported conclusions,

unsupported inferences, and "threadbare recitals of elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Count I of Plaintiff's Amended Complaint for Breach of Contract fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The relevant insurance policy, attached to the Amended Complaint[1] provides coverage, as relevant to Count I, for the dwelling in question. *See* Ex. 1—Policy, ECF No. 11-1. However, the insurance policy defines a dwelling as one "used principally as a private residence on the **residence premises** shown in the Declarations." (*See* ECF No. 11-1, at 5.) "Residence Premises" is then defined as "where [the insured] reside[s] and which is shown in the Declaration." (*Id.*) The Court concludes this language is not ambiguous. In order for the Plaintiff to have coverage for the physical structure in question, the Plaintiff must "reside" at the covered property for the policy to provide coverage for the loss.

Pennsylvania's Supreme Court defines "resides" under the "classic definition of 'residence'": "a factual place of abode evidenced by a person's physical presence in a particular place." *In re Residence Hearing Before the Bd. of Sch. Dirs.*, 744 A.2d 1272, 1275 (Pa. 2000) (internal quotations and citations omitted). Plaintiff's reliance on her intention to return to the dwelling at a future date after the fire loss in this case, accepted as true at this procedural juncture, does not establish "residence" at the premises and, thus, does not entitle Plaintiff to coverage under the insurance policy for the loss at issue in this case. Plaintiff's factual allegations surrounding her relationship to the dwelling—keeping up with insurance premiums, tending to the lawn, periodic visits, and keeping several items of furniture on the premise[2]—are

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[2] Am. Compl., ECF No. 11 ¶¶ 10, 20.

insufficient to establish a plausible claim of residency given that it is undisputed that she had not lived there for two (2) years. *See* Ex. 3—Sworn Statement by Sarah Campbell, ECF No. 11-3, at 8, 10, 25. Therefore, Plaintiff fails to show that Defendant breached its duty to pay for the alleged fire damage.

The Court also concludes that further leave to amend would be futile. The pleadings show that Plaintiff did not keep up utilities on the premises, she changed her mailing address to a different premise, she was behind on her property taxes, and she stated that she had "moved out" two years prior to the date of the loss. Ex. 3—Sworn Statement by Sarah Campbell, ECF No. 11-3, at 8, 10, 25. At Oral Argument, Plaintiff's counsel was unable to articulate any additional facts beyond what is in the Amended Complaint and attached exhibits that would suggest leave to amend would result in a plausible claim for breach of contract.

Count II of Plaintiff's Amended Complaint, ECF No. 11, for Insurance Bad Faith is hereby dismissed. In light of the dismissal of the Breach of Contract claim, the Bad Faith claim cannot survive. *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999) ("[W]here there was no duty to defend, there was good cause to refuse to defend against a suit.").

The Amended Complaint is dismissed with prejudice in its entirety. An appropriate Order will follow.

The Hon. Mark R. Hornak
United States District Judge

cc: All Counsel of record